Submitted on record and briefs December 13, 1993, affirmed February 2, 1994

**BRYAN COOK,**
*Petitioner,*

*v.*

**OREGON STATE CORRECTIONAL INSTITUTION,
CORRECTIONS DEPARTMENT,**
*Respondent.*

(1192-316F; CA A77814)

868 P2d 16

Gary D. Babcock filed the brief for petitioner.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Stephanie S. Andrus, Assistant Attorney General, filed the brief for respondent.

Before Deits, Presiding Judge, and Riggs, Judge, and Durham, Judge pro tempore.

DURHAM, J. pro tempore.

### DURHAM, J. pro tempore

Petitioner seeks judicial review of a Department of Corrections order imposing discipline for violation of prison rules prohibiting "Assault I" and possession of a dangerous weapon. We address only his argument that there is no substantial evidence that he committed an assault.

OAR 291-105-015(2)(a) provides that an inmate commits "Assault I" if he "causes physical injury to another person and uses a dangerous/deadly weapon." The hearings officer found, on the basis of substantial evidence in the record, that an inmate, Pilcher, was emotionally distraught due to his father's death and told petitioner that he wished to cause injury to himself. Petitioner agreed to obtain a razor blade and asked Pilcher to accuse him of causing the injury in order to enhance his image as a thug in the eyes of the other inmates. Using an instrument provided by petitioner,[1] Pilcher cut himself and claimed that petitioner had assaulted him.

Petitioner argues, from dictionary definitions of the term "assault," that providing a weapon to another to permit the self-infliction of an injury is not an assault. We reject that argument. The disciplinary rule does not incorporate the requirements of a criminal or civil assault, despite its use of the term "assault" in its title. The rule requires proof that petitioner *caused* serious physical injury, not that he directed force toward another, or created a well-founded fear of imminent peril in another. The hearings officer explained that petitioner exploited Pilcher's mental instability and provided the instrument that produced the injury. Those findings establish a causal link between petitioner's conduct and the resulting injury. The record supports the findings.

Affirmed.

---

[1] Petitioner claims that he obtained a razor, but flushed it down a toilet before Pilcher injured himself. Pilcher testified that he used a piece of glass to cause the injury. That discrepancy is irrelevant, because petitioner does not challenge the hearings officer's finding that Pilcher injured himself with a weapon provided by petitioner.